To establish a claim of ineffective assistance of counsel, a defendant must first demonstrate that trial counsel's performance fell below the objective standard of reasonable competence under the circumstances. Second, a defendant must show that, as a result of this deficiency, he was prejudiced at trial. Stricklandv. Washington (1984), 466 U.S. 668, 687; State v. Mills (1992),62 Ohio St.3d 357, 370. Because I believe defendant has failed to show either prong of an ineffective assistance of counsel claim relating to trial counsel's closing argument, I respectfully dissent.
The facts before us do little to suggest that trial counsel's closing argument was so flawed that he could not be deemed to be functioning as counsel guaranteed by the Sixth Amendment. In his opening statement, counsel told the jury his client was "not a boy scout. He's the bad actor here, but it's very clear from hisperspective that he did not purposely commit an assault on the officer." (emphasis added). The strategy developed at the start of the trial was to show that a struggle ensued when the officers finally apprehended defendant and that defendant may have inadvertently struck an officer during the struggle.
There is no evidence that the defendant and counsel did not discuss the strategy of the case. In fact, counsel's decision to employ this strategy during opening argument necessarily shows that defendant was aware of the strategy while hearing counsel's opening statement to the jury. No where in the record does it appear that defendant objected to this strategy, so we must assume that both defendant and defense counsel were initially committed to the reasonable strategy that any physical conduct had been a by-product of the struggle during defendant's attempt to flee arrest, not done with the purpose to commit an assault. Certainly, as a matter of trial strategy from the outset, it cannot be questioned that counsel had wide latitude to determine the best defense strategy. State v. Carter (1995),72 Ohio St.3d 545, 558.
Defendant's statement that he did not "strike" the officer is not necessarily inconsistent with his initial strategy of admitting some contact occurred during the arrest, but denying the contact was made with the intent to commit an assault. Key here is the work "strike" and its connotations. Among its many meanings, the word "strike" means to deliver a blow to another. Defendant could, consistent with his own defense theory, deny "striking" the officer, yet admit some incidental contact occurred during the struggle.
When counsel gave his closing remarks, he followed the strategy outlined in the opening statement and told the jury:
 I'm sure that Officer Almeida believes that George Smiley struck him on purpose, but, of course, our position is that it was not knowingly done on purpose. George Smiley was trying to get away, and during the ensuing melee, perhaps there was [sic] people struggling.
Viewed in this light, counsel's closing argument is entirely consistent with the opening defense strategy and defendant's testimony. Were counsel's closing argument viewed as contradicting defendant's testimony, it would mean that defendant himself chose to ignore his own defense strategy and created counsel's dilemma of choosing between the stated trial strategy and defendant's decision to abandon that strategy. Because the record fails to show that defendant had any objection whatsoever to this strategy, this court should view defendant's testimony as being consistent with counsel's opening and closing statement. I would conclude that the first prong of the Strickland analysis has not been met.
Even if counsel's performance could be deemed deficient forSixth Amendment purposes, it must still be shown that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.Strickland, 466 U.S. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome" of the proceeding. Id.; State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus
There is no reasonable probability that the outcome of trial would have been different had trial counsel gave a closing argument that followed defendant's trial testimony. It is troublesome to hear characterizations that the evidence in this case was not "overwhelming" or that the verdict is only "weakly" supported by the record. The officer's testimony, viewed in a light most favorable to the state, sufficiently demonstrated the presence of all the elements of assault. The relative "weakness" of the testimony is simply a matter of credibility that defendant cannot win.
Defendant was not a credible witness. By his own admission, he admitted he had been fleeing from the police because he knew the police had an arrest warrant for him. After leading the police on a car chase, he tried to exit his car and flee on foot. Finally, defendant admitted to the jury that he had "quite a few" prior felony offenses. It seems highly unlikely that defense counsel's closing argument could further undermine defendant's credibility.
More to the point, it cannot be said that but for defense counsel's closing argument defendant would have been acquitted. It is not probable, much less reasonable, that any jury would have done so under the circumstances. I would overrule the assignment of error and affirm the jury's verdict.